Below is an Order of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                   )
                                        )   Case No._____
                                        )
                                        )   APPLICATION TO EMPLOY
                                        )   BROKER, **AND ORDER THEREON**
Debtor(s)                               )

    The undersigned trustee applies to employ _____, a licensed real estate or other broker, whose address is _____, to sell the following estate property under an exclusive listing or other agreement:

    The terms of employment and compensation are customary in this marketplace for this type of sale and are as shown in the <u>attached listing or other agreement</u>. In general terms, the proposed compensation is as follows: _____.

    To the best of the trustee's knowledge said broker has no connections with the entities listed in the verification below, except as described therein.

DATE: _____                                   _____
                                                                    Trustee

753.60 (8/8/13)    **Page 1 of 2**    *** **SEE NEXT PAGE** ***

I, the broker named above, verify that neither I nor my company has any connections with the debtor(s), creditors, U.S. Trustee, Asst. U.S. Trustee, any employee of either the U.S. Trustee or Asst. U.S. Trustee, any District of Oregon Bankruptcy Judge, any other party in interest, or their respective attorneys or accountants, except as follows:

_____
Applicant/Relation to Company

**IT IS ORDERED** that employment of the above-named broker is authorized and the trustee is authorized to compensate said broker <u>within the above terms</u> without further court order unless an interested party files a timely objection to the notice of sale and proposed compensation.

**IT IS FURTHER ORDERED** that any proposed sale of the listed asset and broker compensation is subject to bankruptcy court approval if timely objections are filed, any arbitration or mediation provision in the attached agreement is without effect, and all issues regarding the employment relationship or the interpretation of the attached agreement are subject to the exclusive jurisdiction of the bankruptcy court.

###

# ADDENDUM TO LISTING AGREEMENT

This Addendum is made to that Listing Agreement between Kenneth S. Eiler, in his capacity as bankruptcy trustee for the bankruptcy estate of John and Candice Holman, debtor, Case No. 14-35381-rld7 ("Trustee'), and Lynnette May, ("Broker").  The remaining terms of the Listing Agreement remain in full force and effect provided they do not conflict with the terms below, and this Addendum applies to any modifications, renewals or extensions of this Listing Agreement.

1.      The Seller is Kenneth S. Eiler, as Trustee for the Bankruptcy Estate of John and Candice Holman, debtor, Case No.  14-35381-rld7.

2.      Broker understands and acknowledges that all offers will be subject to Trustee (a) providing adequate notice of a sale in the United States Bankruptcy Court, District of Oregon, Case No. 14-35381-rld7  pursuant to the bankruptcy code and receiving no timely objections, or (b) obtaining a court order approving a Sale.  No commission shall be due until (2)(a) or (b) are satisfied, in addition to all other terms of the Listing Agreement and this Addendum.

3.      Broker understands and acknowledges that all offers are subject to overbid by third parties and that any commissions which may be due under any sale transaction is subject to Bankruptcy Court approval.

4.      Title shall be conveyed by Trustee's Deed, with no representations or warranties, expressed or implied as to the condition of title or property improvements.  There may exist liens or encumbrances against the property which are in default.

5.      Any and all purchasers of the Property ("Purchaser") will accept the land, buildings, improvements and all other aspects of the Property in their present conditions AS IS, including latent defects, the environmental conditions present on the premises, or any other matter affecting or relating to the physical condition of the Property, without any representations or warranties, express or implied, unless they are set forth expressly herein.  Purchaser will expressly waive any and all claims growing or arising out of any representations or warranties with regard to the Property.

6.      The Seller represents that he has authority to sell the subject property but does not provide any warranties regarding the condition of the property or the disclosures, written or otherwise, provided as part of the sale process.  No indemnity is provided. Dual agency is not permitted.

7.      The United States Bankruptcy Court shall have sole jurisdiction for any and all dispute resolutions pertaining to this transaction, and any references to mediation or arbitration are hereby void.


DATE:      November 24, 2014

/s/ Lynnette May       /s/ Jon Lynch                          /s/ Kenneth S. Eiler
Lynnette May, Broker                                          Kenneth S. Eiler, Trustee
Jon Lynch, Broker                                             Estate of John and Candice Holman, debtor
                                                              Case No. 14-35381-rld7

## LINCOLN COUNTY MLS LISTING CONTRACT FORM

**PROPERTY ADDRESS** 240 NW Lancer, Gleneden Beach, Or  97388                **Listing Office #** _____

1. **Exclusive Right to Sell.** In consideration of the services to be rendered by the undersigned PRINCIPAL BROKER, the undersigned SELLER hereby grants to PRINCIPAL BROKER the exclusive right to sell the property located at the address set forth above and described on the Listing Data Input Form hereto attached.
2. **Terms.** This agreement is effective when signed, and shall terminate at 11:59 p.m. on ____**June 30, 2015**____. SELLER further allows PRINCIPAL BROKER a reasonable time after termination of this agreement to close any transaction on which earnest money is then deposited. No extension or renewal of this agreement shall be effective unless it is in writing, signed by SELLER and PRINCIPAL BROKER.
3. **Right to Compensation.** In consideration of the services herein described. SELLER shall pay PRINCIPAL BROKER the brokerage fee set forth in Section 15 below if PRINCIPAL BROKER or any cooperating broker, including, but not limited to, a buyer's broker: (a) finds a buyer ready and willing to purchase the property, or to lease the Property with an option to purchase the Property for the price and terms set forth on the attached Lincoln County MLS Data Input Form or such other price and terms as SELLER may accept; (b) places SELLER in contact with a person to whom SELLER sells the Property or leases the Property with option to purchase during the term of this agreement or within __**60**__ days after termination of this Agreement; or (c) is the procuring cause of an agreement to sell the Property or Lease the property with an offer to purchase. In any event, SELLER shall pay the compensation set forth in Section 15 below to PRINCIPAL BROKER if SELLER removes or withdraws the authority hereby given or if SELLER sells or agrees to sell the Property during the term of this Agreement or any extension or renewal thereof. Section 3 (b) and (c) above shall not apply if, following the termination of this Agreement, SELLER lists the property for sale with another duly licensed real estate broker and if the application of such section(s) would result in SELLER'S liability for more than one brokerage fee. The term "sale" shall be deemed to include any exchange, trade or lease option to which SELLER consents. In the event of an exchange, trade, or lease option, PRINCIPAL BROKER is permitted to represent and receive compensation from both parties.
4. **Services; Authority.** PRINCIPAL BROKER will market the Property, and in connection therewith, SELLER hereby authorizes PRINCIPAL BROKER to do the following: (a) to place a "for sale" sign on the Property; (b) to obtain and disclose any information pertaining to any present encumbrance on the Property; (c) turn on, or leave on, all utilities serving the Property and authorize utility providers to do so in order to show the Property, all at SELLER'S expense; (d) if authorized pursuant to Section 12 below, to obtain a key to the Property and to place such in a lock box on the exterior of the Property, with recognition that SELLER bears any risk or loss or damage associated with the use of such lock box (SELLER should consult SELLER'S homeowner's insurance policy to determine coverage); (e) to have access to Property for purposes of showing it to prospective purchasers at any reasonable hour; (f) to place information regarding this listing and the Property in the Lincoln County Multiple Listing Service; and (g) accept deposits on SELLER'S behalf. PRINCIPAL BROKER is authorized to cooperate with other brokers and to divide with such other brokers any commission or compensation payable under this agreement.
5. **Agency.** Seller has received and read a copy of the Agency Disclosure Pamphlet.
6. **Disclosure Statement:** Unless exempt, SELLER has completed a Seller's Property Disclosure Statement regarding the Property as provided and required by Oregon law, and SELLER hereby authorizes PRINCIPAL BROKER to (a) deliver a copy of such Disclosure to any prospective Buyer; and (b) rely solely upon SELLER'S representations set forth in this Agreement and in the Disclosure Statement without further inquiry or diligence on PRINCIPAL BROKER'S part.
7. **Seller's Representations and Warranties.** SELLER hereby represents and warrants to PRINCIPAL BROKER: (a) that the undersigned SELLER has full authority to enter into this agreement and to convey Property to a buyer; (b) that SELLER has completed the Disclosure Statement referred to in Section 6, if any, accurately based upon SELLER'S personal knowledge and information, and PRINCIPAL BROKER has not made any statement, representation, warranty, investigation, test or other inquiry into the accuracy or adequacy of SELLER'S disclosures; (c) that SELLER has reviewed the information on the MLS Data Input Forms and CERTIFIES THAT THEY ARE CORRECT AND COMPLETE; (d) as of the date(s) of the sale of the Property and transfer of possession, all aspects of the Property will be in substantially their present condition; and (e) before closing of any transaction, SELLER will install an approved smoke detector(s) in the building(s) located on the Property, as required by law.
8. **Indemnity:** SELLER shall defend, indemnify and hold harmless PRINCIPAL BROKER, PRINCIPAL BROKER'S licensees any cooperating broker and its licensees from any liability, claims, damages, causes of action or suits arising out of, or relating to any breach of the representations and warranties set forth herein or in any agreement for the sale of Property, and from the failure to disclose any material information to PRINCIPAL BROKER relating to the Property.
9. **Attorney's Fees:** If PRINCIPAL BROKER or any cooperating broker refers this Agreement to an attorney for collection of the compensation due hereunder, SELLER shall pay the costs and reasonable attorney's fees of PRINCIPAL BROKER or any cooperating broker regardless of whether mediation is conducted or arbitration or litigation is filed. If mediation is conducted or if arbitration or litigation is filed in connection with any dispute relating to this Agreement, the prevailing party shall be entitled to its attorney's fees and costs in connection with such mediation, arbitration or litigation and in any appeal therefrom and enforcement thereof.
10. **Compliance with Law:** SELLER shall comply with all laws relating to the Property and the sale thereof, including without limitation, the obligation to offer the Property for sale to any person without regard to age, race, color, religion, sex, handicap, marital status, familial status, or national origin.
11. **Dispute Resolution:** SELLER and PRINCIPAL BROKER, including the licensees of each, if any, agree that all claims, controversies or disputes, including those for rescission (hereinafter collectively referred to as "Claims"), relating directly or indirectly to this agreement, shall be resolved in accordance with the procedures set forth herein which shall expressly survive closing. Provided, however, the following matters shall not constitute Claims: (a) any proceeding to collect, interpret or enforce any mortgage, trust deed , land sale contract, or recorded construction lien; (b) a forcible entry and detainer action; (c) any dispute between REALTORS® which is subject to the Professional Standards Arbitration provisions of the National Association of REALTORS®. The filing of a notice of pending action ("lis pendens") or the application to any court for the issuance of any provisional process or similar remedy described in the Oregon or Federal Rules of Civil Procedure shall not constitute a waiver of the right or duty to use the procedures specified below.

    Notwithstanding the following provisions, SELLER, PRINCIPAL BROKER and the licensees, if any, mutually agree that all Claims within the jurisdiction of the small Claims Court shall be brought and decided there, in lieu of mediation, arbitration or litigation in any other court of law.

LCBR MLS 104 - 05/2009   Listing Contract - Page 1 of 2   Seller's Initials __KE 11/24/14__   Date _____

John L Scott Newport, 306 East Olive St Newport, OR 97365                    Phone: (541)265-2515       Fax: (541)265-9516          240 Lancer
Lorin Lynch                    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.ziplogix.com

Case 14-35381-rld7    Doc 31    Filed 11/26/14

If SELLER was represented in this transaction by a Licensee whose Principal Broker is a member of the National Association of REALTORS®, all claims shall be submitted to mediation in accordance with the procedures of the Home Seller/Home Buyer Dispute Resolution System of the National Association of REALTORS® or other organization-adopted mediation program (collectively the "System"). Provided, however, if the System is not available through the Principal Broker's Board/Association of REALTORS®, then all Claims shall be submitted to mediation either through: (1) the special mediation program administered by Arbitration Service of Portland, or (2) any other impartial private mediator(s) or program(s) so long as such services are available in the county where the Property is located, as selected by the party first filing for mediation.

All claims that have not been resolved by mediation, or otherwise, shall be submitted to final and binding private arbitration in accordance with Oregon Laws. Filing for arbitration shall be treated the same as filing in court for purposes of meeting any applicable statutes of limitation or for purposes of filing a lis pendens. SELLER, PRINCIPAL BROKER and/or their licensees may use any professional arbitration company which provides such service to the county where the Property is located, as selected by the party first filing for arbitration. Provided, however, if no arbitration company has available services when the claim arose, neither SELLER, PRINCIPAL BROKER, nor their respective licensees, if any, shall be required to participate in arbitration.

**BY CONSENTING TO THIS PROVISION YOU ARE AGREEING THAT DISPUTES ARISING UNDER THIS AGREEMENT SHALL BE HEARD AND DECIDED BY ONE OR MORE NEUTRAL ARBITRATORS AND YOU ARE GIVING UP THE RIGHT TO HAVE THE MATTER TRIED BY A JUDGE OR JURY. THE RIGHT TO APPEAL AN ARBITRATION DECISION IS LIMITED UNDER OREGON LAW.**

12. **Lock Box:** SELLER [X] does [ ] does not [ ] N/A –Land (check one) authorize PRINCIPAL BROKER to place a lock box on Property.
13. **Internet:** SELLER [X] does [ ] does not (check one) authorize PRINCIPAL BROKER to advertise the property on the Internet.
14. **Modification:** No provision of this Agreement, including, without limitation, the amount of the brokerage fee set forth in section 15, may be modified except in writing signed by SELLER and by PRINCIPAL BROKER.
15. **Brokerage Fee:** SELLER shall pay a brokerage fee as set forth in Section 3 above in an amount equal to __7.000__ % of the selling price or option exercise price of the Property. SELLER hereby irrevocably assigns to PRINCIPAL BROKER the proceeds of such transaction to the extent of PRINCIPAL BROKER'S fee and irrevocably instructs the escrow agent, if any, to pay PRINCIPAL BROKER'S fee at closing out of such proceeds. List Price $ __250,000.00__ . In the event of forfeiture of earnest money for any transaction relating to this listing service agreement, the earnest money shall be disbursed as follows:

**SELLER** __50.000__ % **PRINCIPAL BROKER** __50.000__ % OR (check if applicable) [ ] to PRINCIPAL BROKER to the extent of the brokerage fee, with balance to SELLER.

Date of BROKER'S signature _____

Date of SELLER'S signature __11/24/14__

FIRM Name: __John L Scott Newport__

*SELLER Name: __James C Holman__

BROKER Name: __Jon Lynch__

SELLER Signature: __Kenneth Eiler__   dotloop verified 11/24/14 6:22PM EST LLZO-4SVN-EVFJ-L60F

BROKER Signature: _____

*SELLER Name: __Candice E Holman__

SELLER Signature: _____

Date of PRINCIPAL BROKER'S signature _____

ADDRESS __26280 S Mill Creek Cir, Mulino, Or 97042__

PRINCIPAL BROKER signature: _____

ADDRESS _____

Phone: __(541)265-2345__

Phone (W) _____ (H) _____

L.O. File Notes __25% referral to Keller Williams Premier Partners attention Lynette May 360-606-6471  May have to go through short sale process. Home was rebuilt basically in 2009 because of some sort of water flood damage. Looks like new. Buyer pays $10,000 fee for Trustee costs etc.over the negotiated purchase price. This fee is non negotiable.__

* If legal representative or attorney-in-fact state capacity and name of real party in interest

dotloop signature verification: www.dotloop.com/my/verification/DL-81955424-3-9232

# Main Listing / Detail Input Form — Lincoln County MLS

MLS# _____    Page 1 of 2

Property Type: [X] Residential  [ ] Manufactured  [ ] Manufactured Only  [ ] Condominium  [ ] Shared Ownership

Agent **Jon Lynch**    Office **John L Scott Newport**
Co Listing Agent _____    Property ID _____
House Number **240**    Street Direction Pfx **NW**    Street Name **Lancer**    St Sfx **St**
City **Gleneden Beach**    County _____    State **Or**    Zip Code **97388**
List Price **250,000.00**    Low Price _____    High Price _____
Begin Date **November 20, 2014**    End Date **June 30, 2015**    BA Comm **3**

**Listing Type:** [X] Exclusive Right to Sell  [ ] Exclusive Agency  [ ] Limited Service Listing
**Commission Code:** [ ] Co-Listing  [ ] Name Exclusion  [ ] Short Sale  [ ] Stepped  [ ] Variable  [X] None
Office File Number **TBD**    Owner **Holman** (enter last name only)
Bank Owned? [ ] Yes  [X] No    Short Sale/3rd Party Approval? [X] Yes  [ ] No

## AREA

|  | FRONT | VIEW | VIEW2 |
|---|---|---|---|
| Bay | [ ] | [ ] | [ ] |
| Bridge | [ ] | [ ] | [ ] |
| Canal | [ ] | [ ] | [ ] |
| Creek | [ ] | [ ] | [ ] |
| Forest | [ ] | [ ] | [ ] |
| Highway | [ ] | [ ] | [ ] |
| Lake | [ ] | [ ] | [ ] |
| Ocean | [ ] | [ ] | [ ] |
| River | [ ] | [ ] | [ ] |
| Golf Course | [ ] | [ ] | [ ] |
| Mountain | [ ] | [ ] | [ ] |
| Valley | [ ] | [ ] | [ ] |

BEDS **3**    BATHS **2**
TOTAL SQ FT **1713**
Remarks _____
YEAR BUILT **1993**
Remarks **full remodel 2009**
LOT SIZE **75** X **120**
ACRES **.2**

**STYLE**
[ ] A-Frame  [ ] Cabin  [ ] Cape Cod
[ ] Chalet  [ ] Colonial  [ ] Condo
[ ] Contemporary  [ ] Cottage  [ ] Craftsman
[ ] Log  [ ] Mfg  [ ] Mission
[ ] Mobile  [ ] Modular  [ ] Octagon
[ ] One Level  [X] Ranch  [ ] Split-Level
[ ] Town House  [ ] Traditional
[ ] Twin Home  [ ] Victorian

BASEMENT  [ ] Yes  [ ] No

**GARAGE TYPE**
[X] Attached  [ ] Detached  [ ] Carport  [ ] None
STALLS  [ ] 1  [X] 2  [ ] 3  [ ] 4  [ ] 5  [ ] 6
CROSS ST _____
TAXES _____
Remarks _____
TAX YEAR _____
ASSESSED VALUE _____
PARCEL # _____
SUBDIVISION _____

ZONING **R1**
HWY 101  [ ] East Side  [X] West Side

**LEGAL**
ACCOUNT # **R458559**
TAX MAP # **8-11-21-AC**
TAX LOT # **17300**
BLOCK **2**    LOT **10**
TAX DISTRICT **455**
NEIGHBORHOOD CODE _____

**MISCELLANEOUS**
FLOOD PLAIN ADDENDUM REQUIRED?
[ ] Yes  [X] No
LEVELS **1**    DEN: [ ] Yes  [X] No
POSSESSION _____
INCLUDE _____
EXCLUDE _____
RENT  [ ] Yes  [ ] No
Per Month $ _____

SQ FT PER
[X] County Assessor  [ ] Fee Appraiser
[ ] Owner  [ ] Realtor (present)
KEYBOX AUTHORIZED:  [X] Yes  [ ] No
EXTERIOR COLOR _____

**ROOF**
[ ] Built-up  [X] Composition  [ ] Metal/Alum
[ ] Other  [ ] Shake  [ ] Shingle
[ ] Shingle/Shake  [ ] Tar  [ ] Tile

**OUTBUILDINGS**
[ ] Barn  [ ] Boat House  [ ] Green House
[ ] None  [ ] RV Garage  [ ] Shed  [ ] Shop

**SIDING**
[ ] Aluminum  [ ] Block  [ ] Brick
[ ] Cedar  [ ] Composition wood
[ ] Lap  [ ] Concrete Composite
[X] Hardi Plank  [ ] Log  [ ] LP
[ ] Masonite  [ ] Other  [ ] Shake
[ ] Redwood  [ ] Rock  [ ] Wood
[ ] Shingle  [ ] Shingle/Shake
[ ] Stucco  [ ] T1-11
[ ] Vinyl

**FOUNDATION**
[ ] Blk/Pier  [ ] Blocks  [ ] Con/Post
[X] Cont/Con  [ ] None  [ ] Pilings
[ ] Post/Pier  [ ] Post/Slab  [ ] Runners
[ ] Slab  [ ] Tie Downs

**DECK PATIO**
[ ] Covered Patio  [ ] Covered Porch  [ ] Deck
[ ] Deck & Patio  [X] Patio  [ ] None

**STREET SURFACE**
[ ] Dirt  [ ] Gravel  [X] Paved

**LOT TYPE**
[ ] Common or Condo  [ ] Cul de Sac
[X] Dimension Above  [ ] Irregular

**INTERNAL FEATURES**

**WATER HEATER**
[ ] Electric  [X] Gas  [ ] Propane  [ ] None

**CHECK FOLLOWING IF INCLUDED**
[X] Dishwasher  [ ] Washer/Dryer  [ ] Range/Oven
[ ] Microwave  [X] Refrigerator
[X] Window Coverings

**CEILING**
[ ] Beam  [X] Flat  [ ] Vaulted  [ ] Other

**FURNISHED**
[ ] No  [ ] Yes  [ ] Partial

**HANDICAP FEATURES**
[ ] 32" + Doorways  [ ] 36" + Doorways
[ ] 36" + Hallways  [ ] 48" + Hallways
[ ] Bath Modifications  [ ] Elevator/Chair Lift
[ ] Kitchen Modifications  [ ] Level Entry
[ ] Ramped Main Level  [ ] Roll-In Shower

**SHOWING INSTRUCTIONS**
Appt Phone # _____
[ ] 24 Hr Notice  [ ] Appt Necessary  [ ] Beware Pets
[ ] Call LO  [ ] Call/Show  [ ] Key Box
[ ] N/Occupied  [ ] Owner Occupied  [ ] Tenant
[ ] Gate Key  [ ] Key at Office  [ ] Vacation

Key Box Location _____
CONDO/PUD Fees $ _____
[ ] Monthly  [ ] Quarterly  [ ] Yearly
Rental Pool $ _____
N/R Pool $ _____

Seller's Initials **KE** 11/24/14 6:22PM EST    Date _____

John L Scott Newport, 306 East Olive St Newport, OR 97365
Phone: (541)265-2345    Fax: (541)265-9516    Lorin Lynch    240 Lancer
LCBRMLS 11.2010
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

Case 14-35381-rld7    Doc 31    Filed 11/26/14

dotloop signature verification: www.dotloop.com/my/verification/DL-81955424-3-9232

| | | |
|---|---|---|
| **MANUFACTURED HOME** | | |
| Make _____ | | |
| Size _____ | | |
| Tag# _____ | | |
| Space Rent $ _____ | | |

**HEATING COOLING**
- ☐ Baseboard ☐ Central Air ☐ Electric
- ☐ E Base Board ☐ E Forced Air ☐ E Heat Pump
- ☐ E Wall Furn ☐ E Wall/Zone ☐ Floor Furnace
- ☐ Forced Air ☐ Gas ☒ G Forced Air
- ☐ G Wall Furn ☐ Heat Pump ☐ Hot Water
- ☐ None ☐ OilForced Air ☐ Oil Heater
- ☐ Other ☐ Radiant ☐ Solar
- ☐ Steam ☐ Stove ☐ Wall Furnace
- ☐ Wood

**WATER**
- ☐ 100+ Away ☐ At Street ☒ City
- ☐ City 100+ ☐ City Prop ☐ City Street
- ☐ Community ☐ On Property ☐ Private
- ☐ Public ☐ Spring ☐ Well

**ELECTRIC**
- ☐ 100+ Away ☐ At Street ☐ None
- ☒ On Property

**GAS**
- ☐ 100+ Away ☐ At Street ☐ None
- ☒ On Property ☐ Propane

**SEWER**
- ☐ Alternate ☒ City ☐ City Prop
- ☐ City Street ☐ Community ☐ Private
- ☐ Public ☐ Septic

**ALTERNATE HEAT**
- ☐ Fireplace ☐ FP Insert ☒ Gas Fireplace
- ☐ Gas Insert ☐ Gas Stove ☐ None
- ☐ Pellet Stove ☐ Wood Stove ☐ W/S Insert

**FINANCIAL INFORMATION**

First Encumbrance
- ☐ Assumable
- ☐ Free & Clear
- ☐ Non-Assumable

Second Encumbrance
- ☐ Assumable
- ☐ Free & Clear
- ☒ Non-Assumable
- ☐ Not Applicable

ESCROW PREFERENCE:
_____

SELLER'S TERMS
- ☐ 1031 ☐ 1st Trust Deed ☐ 2nd Trust Deed
- ☐ Assumable ☒ Cash ☒ Conventional
- ☐ FHA ☐ FMHA ☐ Land Sales Co
- ☐ Lse/Opt ☐ ODVA ☐ Other
- ☐ OWC ☐ Submit ☐ Trade ☐ VA

| Room Name | Room Level | No. of Rooms | Length | Width | Room Remarks |
|---|---|---|---|---|---|
| Bath #1 | 1 | | | | |
| Bath #2 | 1 | | | | |
| Bath #3 | | | | | |
| Bedroom #1 | 1 | | | | |
| Bedroom #2 | 1 | | | | |
| Bedroom #3 | 1 | | | | |
| Bedroom #4 | | | | | |
| Bedroom #5 | | | | | |
| Den | | | | | |
| Great/Family Room | 1 | | | | |
| Kitchen | | | | | |
| Living Room | | | | | |
| Other | | | | | |
| Utility Room | | | | | |

Remarks **Fabulous home with high quality interior, all one level, gas appliances, 3 blocks to easy beach access, large corner lot and beautifully landscaped.**

Directions **Hwy 101 north of Depoe Bay and south of Salishan to Lancer St. West 2 blocks to address.**

SELLER OPT OUT
- ☐ Seller Directs Listing to be Excluded from Internet
- ☐ Seller Directs Address to be Excluded from Internet
- ☐ Seller Directs Listing to Not Be Used in AVMs (Automated Valuation Models) on VOWS
- ☐ Seller Directs Listing to Not Allow Comments on VOWS

LISTING EXPORT DEFAULTS OPTIONS
IDX ☒ Yes ☐ No
Show Address On IDX ☒ Yes ☐ No
Show Address on Realtor.com ☒ Yes ☐ No

I acknowledge that the Broker's Representative named herein has explained the function of the Lincoln County Board of Realtors Multiple Listing Service and the information contained herein will be referred to said Multiple Listing for distribution to MLS Subscribers and the Internet.

Owner's Signature *Kenneth Eiler* Date _____
dotloop verified 11/24/14 6:22PM EST
CVBX-RSOR-WUXF-RMJO
James C Holman

Owner's Signature _____ Date _____
Candice E Holman

Broker's Signature _____ Date _____
Jon Lynch

Principal Broker Review _____ Date _____
Jon Lynch

**Listing to be maintained in LCBR/MLS file, but not published.**

**Owner's Initials** _____

LCBRMLS 11.2010

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

240 Lancer