1
2
3
4
5
6
7
8

UNITED STATES BANKRUPTCY COURT

9

DISTRICT OF OREGON

10

*In re*

Case No.  14-35381-rld7

11

JAMES JOEL HOLMAN and CANDICE
EVANGELINE HOLMAN,

12

13

Debtors.

14

DWIGHT and LAURA DANIELS,
husband and wife,

Adversary Proceeding No. _____

15

**COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT AND
FOR DAMAGES**

Plaintiffs,

16

v.

17

JAMES JOEL HOLMAN and CANDICE
EVANGELINE HOLMAN,

**(Fraud; Misrepresentation)**

18

**JURY DEMAND**

Defendants.

19

20

Under the provisions of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 1328(a)(2), and

21

Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure, Plaintiffs Dwight and Laura

22

Daniels request that the Court determine that particular financial obligations of debtors James

23

and Candice Holman to Plaintiffs are nondischargeable.  In support of this Complaint, Plaintiffs

24

allege as follows:

25

26

Page 1 – COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

**INTRODUCTION**

1.      On September 23, 2014 ("Petition Date"), Defendants filed a Petition for Relief in the District of Oregon under Chapter 7 of the U.S. Bankruptcy Code, Case No. 14-35381-rld7.

2.      Defendants listed their physical address in a written filing with this Court as 26280 S. Milk Creek Circle, Mulino, Oregon 97042.  Counsel for Defendants is Stephen T. Boyke, whose address is 806 SW Broadway #1200, Portland, Oregon 97205.

**PARTIES**

3.      Plaintiffs are a married couple who are residents of California.

4.      Defendants are Oregon residents.

**JURISDICTION AND VENUE**

5.      The Court has jurisdiction of this matter under 28 U.S.C. § 1334, and this matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I).  Venue is proper under 28 U.S.C. § 1409(a).

**BACKGROUND**

6.      Around early 2011, Plaintiffs were introduced to Defendants by a mutual acquaintance.    Plaintiffs had expressed a desire to invest capital into particular types of businesses, and Defendants operated a business that appeared to meet the requisite criteria.

7.      Defendants' business, Pacific Courier Services, LLC ("PCS"), was essentially similar to a Federal Express-type business for the Pacific Northwest.

8.      After some initial discussions, Plaintiffs agreed to loan $300,000 to Defendants on generous terms, including a mere 10% interest and three years of interest-only payments of around $2,500 a month (the "Loan").

9.      The Loan was evidenced by a Secured Promissory Note dated February 24, 2011, a copy of which is attached as Exhibit 1 (the "Promissory Note").

Page 2 – COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

10.     The Loan was purportedly secured in three ways:  (1) through a Deed of Trust in Defendants' personal residence at 26280 Milk Creek Circle (the "Mile Creek Home") (copy attached as Exhibit 2); (2) through Mr. Holman naming Dwight Daniels as a beneficiary in connection with a life insurance policy (copy attached as Exhibit 3); and (3) in the assets of PCS, evidenced through a UCC-1 Financing Statement (#8730073) identifying Dwight Daniels as the secured party and PCS as the debtor (copy attached as Exhibit 4).

11.     At or around the time of the Loan, Defendants provided Plaintiffs a "Personal Financial Statement" indicating that, as of February 2011, Defendants had equity of $325,000 in the Milk Creek Home evidenced by $775,000 present market value and a $450,000 mortgage.  A copy of this Personal Financial Statement is attached as Exhibit 5.

12.     Despite the generous terms of the Loan, Defendants had difficulty making payments almost immediately.  Plaintiffs agreed to defer payments in August and September 2011 to try and help Defendants, and then there were additional missed payments in 2012.

13.     In January 2013, PCS filed for bankruptcy under Chapter 11 (later converted to Chapter 7).

14.     Around that time, Defendants stopped paying even the interest-only payments under the Loan.

15.     Plaintiffs have subsequently learned that Defendants' representation of having equity of approximately $325,000 in the Milk Creek Home was false.  There was a first mortgage of $325,000 to Bank of America and a second mortgage to a credit union of another $250,000.  Moreover, as of August 2013, an appraisal identified the Milk Creek Home as being worth approximately $510,000.  So contrary to their representation that Plaintiffs reasonably relied on of having equity of $325,000 in the Milk Creek Home, Defendants actually had zero (less than zero) equity in the Milk Creek Home.

Page 3 – COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

16.    In addition, on August 18, 2011, Defendants caused Plaintiffs UCC-1 Financing Statement to be terminated without notifying Plaintiffs.   A copy of that termination is attached as Exhibit 6.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:

### MONEY OBTAINED THROUGH FALSE PRETENSES, FALSE REPRESENTATIONS OR ACTUAL FRAUD

### (11 U.S.C. § 523(a)(2)(A))

17.    Plaintiffs realleges and incorporate the preceding paragraphs.

18.    The Personal Financial Statement contains material representations about the financial condition of Defendants, including in particular the amount of equity Defendants allegedly had in the Milk Creek Home as of February 2011.  Defendants intended Plaintiffs to rely on these representations in connection with the Loan and induced Plaintiffs to make the Loan through these representations.

19.    Plaintiffs reasonably relied on the Defendants' representations in the Personal Financial Statement.  But for these representations, Plaintiffs would not have made the Loan.

20.    Defendants' representations in the Personal Financial Statement about the equity in the Milk Creek Home were false at the time the Personal Financial Statement was presented to Plaintiffs.  Defendants either knew or reasonably should have known of their falsity.

21.    In addition, Defendants' actions in causing the UCC-1 Financing Statement to be filed and then intentionally terminating that UCC-1 Financing Statement without Plaintiffs' knowledge or permission, also constitutes false pretenses, a false representation, and actual fraud.  Defendants intended Plaintiffs to rely on the UCC-1 Financing Statement, and Plaintiffs' in fact reasonably relied on the existence of the UCC-1 Financing Statement at or around the time of the Loan.

Page 4 – COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

22.    As a result of Defendants' false pretenses, false representations and actual fraud, Plaintiffs have suffered damages including but not limited to $300,000 and all applicable interest and fees under the Loan.  These damages are nondischargeable.

## SECOND CLAIM FOR RELIEF:

## MONEY OBTAINED THROUGH USE A MATERIALLY FALSE

## STATEMENT IN WRITING

### (11 U.S.C., § 523 (a)(2)(B))

23.    Plaintiffs reallege and incorporate the preceding paragraphs.

24.    The Personal Financial Statement constitutes a written statement about Defendants' financial condition.  It was materially false in that it misrepresented or outright lied about the amount of equity that Defendants had in the Milk Creek Home.  Defendants published it to Plaintiffs with the intent that Plaintiffs rely on the information in the Personal Financial Statement, and Plaintiffs did in fact rely on the information in the Personal Financial Statement.

25.    As a result of Defendants' materially false written statement, Plaintiffs have suffered damages including but not limited to $300,000 and all applicable interest and fees under the Loan.  These damages are nondischargeable.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that the Court enter judgment as follows:

1.    Declaring the entirety or at least a portion of Defendants' debt to Plaintiffs to be nondischargeable under one or more subsections of 11 U.S.C. § 523(a);

2.    Awarding Plaintiffs a judgment against Defendants in an amount not less than $300,000 plus pre- and post-judgment interest at the appropriate rate as well as costs of collection; and

////

////

Page 5 – COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

**SLINDE NELSON STANFORD**
111 SW 5th Avenue, Suite 1940
Portland, Oregon 97204
p. 503.417.7777; f. 503.417.4250

3.      Awarding Plaintiffs such other relief as the Court may deem just and proper.

DATED this 29th day of December, 2014.

                                        SLINDE NELSON STANFORD


                                        By: /s/ Darian A. Stanford
                                            Darian A. Stanford, OSB No. 994491
                                            R. Hunter Bitner III, OSB No. 011146
                                            *Of Attorneys for Dwight and Laura
                                            Daniels*

Page 6 – COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT

# CERTIFICATE OF SERVICE

I hereby certify that I served the attached **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** on the following person(s) on the date indicated below:

Mr. Stephen T. Boyke
Law Offices of Stephen T. Boyke
806 SW Broadway #1200
Portland, OR 97205
*Of Attorneys for Debtors*

By the following indicated method(s):

☐ By **faxing** full, true, and correct copies thereof to said attorney to the fax number noted above, which is the last known fax number for said attorney, on the date set forth below.

☐ By **emailing** full, true, and correct copies thereof to say attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☒ By notice of electronic filing using the E-filing system (LGR 30).

☐ By causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address (as listed above on the date set forth below.

DATED:  December 29, 2014.

SLINDE NELSON STANFORD


By: /s/ Darian A. Stanford
    Darian A. Stanford, OSB No. 994491
    R. Hunter Bitner III, OSB No. 011146
    *Of Attorneys for Dwight and Laura Daniels*

Page 7 – CERTIFICATE OF SERVICE

# EXHIBIT 1

# SECURED PROMISSORY NOTE

$300,000.00

Portland, OR
February 24, 2011

For value received, James J Holman and Candice E Holman located at 26280 S Milk Creek Circle, Mulino, OR 97042 ("Borrower"), hereby unconditionally promises to pay to the order of Dwight E Daniels and Laura J Daniels located at 23 Carmel Bay Drive, Corona Del Mar, CA 92625 ("Lender"), at such place as Lender may from time to time designate in writing, the principal amount of Three Hundred Thousand Dollars ($300,000), in lawful money of the United States of America, with interest and fees as provided below, from the date hereof, until paid.

1.  **Principal.** The principal amount of this note ("Note") is Three Hundred Thousand Dollars ($300,000).

2.  **Interest.**

    2.1  **Rate.** Borrower promises to pay interest on the outstanding principal balance of this Note at the rate of ten percent (10%) per annum from the date hereof until paid. Interest shall be computed on the basis of a 360-day year for the actual number of days preceding payment.

    2.2  **Loan Fee.** Borrower will pay a one time loan fee of Six Thousand Dollars ($6,000) upon commencement of this note.

3.  **Payment.**

    3.1  **Interest.** Accrued interest shall be paid monthly with a due date on the first of every month.

    3.2  **Maturity.** All principal and any unpaid accrued interest, together with any sums due under this note to Lender under the terms of any Security Instrument securing repayment of this Note, shall be due and payable on April 1, 2014.

    3.3  **Repayment.** Payments shall be interest only for thirty six (36) months in the amount of two thousand five hundred dollars ($2,500) per month The principal amount shall be paid in full on the maturity date. All payments shall be applied first to interest in arrears, then to reduction of principal, provided, however, Lender may apply any payments received to other obligations of Borrower under the Security Instrument securing repayment of this Note.

    3.4  **Prepayment.** This Note may be prepaid without penalty at any time by paying only the entire principal balance and accrued interest, and any other sums due under the terms of the Security Instrument given to secure repayment of this Note.

3.5   Late Payment. Any payment made more than fifteen (15) days late shall be assessed a late payment fee of 10%.

4.   Security. The indebtedness evidenced by this Note is secured by Borrower's execution and performance of the Deed of Trust attached as **Exhibit 1** ("Security Instrument"). Any amounts due from Borrower to Lender under the terms of the Security Instrument shall be considered additional unpaid principal under this Note.

5.   Waiver by All Parties. Borrower and all persons liable or to become liable on this Note; waive notice of acceptance, presentment, protest and demand, and all notices including, without limitation, notice of non-payment, default, dishonor, and demand of this Note; consent to any and all renewals and extensions in the time of payment hereof.

6.   Miscellaneous.

6.1   Governing Law, Venue. This Note shall be governed by and construed in accordance with the laws of the State of Oregon. The undersigned agrees that in any suit or action hereon venue will lie in the County of Clackamas and State of Oregon, without waiver, however, of Lender's right to lay venue in any other county or state appropriate for the collection of this Note.

6.2   Usury. In the event this Note should for any reason be found to be in violation of any state or federal statutes relating to usury, Lender may reduce the interest rate on this Note to the legal maximum as provided for by law or regulation and by so doing be relieved of any civil liability.

_____
James J Holman

_____
Candice E Holman



# EXHIBIT 2

FORM No. 881-1 – TRUST DEED (No restriction on assignment). © 1988-1997 STEVENS-NESS LAW PUBLISHING CO., PORTLAND, OR www.stevensness.com

NO PART OF ANY STEVENS-NESS FORM MAY BE REPRODUCED IN ANY FORM OR BY ANY ELECTRONIC OR MECHANICAL MEANS.

EA

4P 20.00 / 5

## TRUST DEED

James J. Holman & Candice E. Holman
26260 S. Milk Creek Circle
Mulino, OR 97042

Grantor's Name and Address

Dwight E. Daniels & Laura J. Daniels
23 Carmel Bay Drive
Corrona, Del Mar, CA 92622

Beneficiary's Name and Address

After recording, return to (Name, Address, Zip):

Todd Mitchell
Bullivant Houser Bailey PC
805 Broadway, Ste 400
Vancouver, WA 98660

Clackamas County Official Records
Sherry Hall, County Clerk

2011-013147

$82.00

01477603201100131470040043

02/28/2011 08:14:43 AM

M-TD Cnt=1 Stn=1 JANISKEL
$20.00 $16.00 $16.00 $10.00 $20.00

By ______________________, Deputy.

THIS TRUST DEED, made on February 25, 2011, between James J. Holman and Candice E. Holman, as Grantor, ~~Dwight E. Daniels and Laura J. Daniels~~ Ticor Title, as Trustee, and Dwight E. Daniels and Laura J. Daniels, as Beneficiary,

WITNESSETH:

Grantor irrevocably grants, bargains, sells and conveys to trustee, in trust, with power of sale, the property in Clackamas County, Oregon, described as:

Lot 5, Milk Creek Meadows, in the County of Clackamas and State of Oregon.

together with all and singular the tenements, hereditaments and appurtenances and all other rights thereunto belonging or in any way now or hereafter appertaining, and the rents, issues and profits thereof, and all fixtures now or hereafter attached to or used in connection with the property.

FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of grantor herein contained and payment of the sum of $300,000 with interest thereon according to the terms of a Secured Promissory Note Dated 2/24/10 Dollars, with interest thereon according to the terms of a promissory note of even date herewith, payable to beneficiary or order and made by grantor, the final payment of principal and interest, if not sooner paid, to be due and payable on April 1, 2014.

The date of maturity of the debt secured by this instrument is the date, stated above, on which the final installment of the note becomes due and payable.

To protect the security of this trust deed, grantor agrees:

1. To protect, preserve and maintain the property in good condition and repair; not to remove or demolish any building or improvement thereon; and not to commit or permit any waste of the property.

2. To complete or restore promptly and in good and habitable condition any building or improvement which may be constructed, damaged or destroyed thereon, and pay when due all costs incurred therefor.

3. To comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property; if the beneficiary so requests, to join in executing such financing statements pursuant to the Uniform Commercial Code as the beneficiary may require, and to pay for filing the same in the proper public office or offices, as well as the cost of all lien searches made by filing officers or searching agencies as may be deemed desirable by the beneficiary.

4. To provide and continuously maintain insurance on the buildings now or hereafter erected on the property against loss or damage by fire and other hazards, as the beneficiary may from time to time require, in an amount not less than $300,000, written by one or more companies acceptable to the beneficiary, with loss payable to the latter. All policies of insurance shall be delivered to the beneficiary as soon as issued. If the grantor shall fail for any reason to procure any such insurance and to deliver the policies to the beneficiary at least fifteen days prior to the expiration of any policy of insurance now or hereafter placed on the buildings, the beneficiary may procure the same at grantor's expense. The amount collected under any fire or other insurance policy may be applied by beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of beneficiary the entire amount so collected, or any part thereof, may be released to grantor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

5. To keep the property free from construction liens and to pay all taxes, assessments and other charges that may be levied or assessed upon or against the property before any part of such taxes, assessments and other charges becomes past due or delinquent and promptly deliver receipts therefor to beneficiary. Should the grantor fail to make payment of any taxes, assessments, insurance premiums, liens or other charges payable by grantor, either by direct payment or by providing beneficiary with funds with which to make such payment, beneficiary may, at its option, make payment thereof, and the amount so paid, with interest at the rate set forth in the note secured hereby, together with the obligations described in paragraphs 6 and 7 of this trust deed, shall be added to and become a part of the debt secured by this trust deed, without waiver of any rights arising from breach of any of the covenants hereof. For such payments, with interest as aforesaid, the property hereinbefore described, as well as the grantor, shall be bound to the same extent that they are bound for the payment of the obligation herein described. All such payments shall be immediately due and payable without notice, and the nonpayment thereof shall, at the option of the beneficiary, render all sums secured by this trust deed immediately due and payable and shall constitute a breach of this trust deed.

6. To pay all costs, fees and expenses of this trust, including the cost of title search, as well as the other costs and expenses of the trustee incurred in connection with or in enforcing this obligation, and trustee and attorney fees actually incurred.

7. To appear in and defend any action or proceeding purporting to affect the security rights or powers of beneficiary or trustee; and in any suit, action or proceeding in which the beneficiary or trustee may appear, including any suit for the foreclosure of this deed or any suit or action related to this instrument, including but not limited to its validity and/or enforceability, to pay all costs and expenses, including evidence of title and the beneficiary's or trustee's attorney fees. The amount of attorney fees mentioned in this paragraph in all cases shall be fixed by the trial court, and in the event of an appeal from any judgment or decree of the trial court, grantor further agrees to pay such sum as the appellate court shall adjudge reasonable as the beneficiary's or trustee's attorney fees on such appeal.

It is mutually agreed that:

8. In the event that any portion or all of the property shall be taken under the right of eminent domain or condemnation, beneficiary shall have the right, if it so elects, to require that all or any portion of the monies payable as compensation for such taking which are in excess of the amount required to pay all reasonable costs, expenses and attorney fees necessarily paid or incurred by grantor in such proceedings, shall be paid to beneficiary and applied by it first upon any reasonable costs and expenses and attorney fees, both in the trial and appellate courts, necessarily paid or incurred by beneficiary in such proceedings, and the balance applied upon the indebtedness secured hereby. Grantor agrees, at its own expense, to take such actions and execute such instruments as shall be necessary in obtaining such compensation promptly upon beneficiary's request.

(OVER)

NOTE: The Trust Deed Act provides that the trustee hereunder must be either an attorney who is an active member of the Oregon State Bar, a bank, trust company or savings and loan association authorized to do business under the laws of Oregon or the United States, a title insurance company authorized to insure title to real property of this state, its subsidiaries, affiliates, agents or branches, the United States or any agency thereof, or an escrow agent licensed under ORS 696.505 to 696.585.



WARNING: Unless grantor provides beneficiary with evidence of insurance coverage as required by the contract or loan agreement between them, beneficiary may purchase insurance at grantor's expense to protect beneficiary's interest. This insurance may, but need not, also protect grantor's interest. If the collateral becomes damaged, the coverage purchased by beneficiary may not pay any claim made by or against grantor. Grantor may later cancel the coverage by providing evidence that grantor has obtained property coverage elsewhere. Grantor is responsible for the cost of any insurance coverage purchased by beneficiary, which cost may be added to grantor's contract or loan balance. If it is so added, the interest rate on the underlying contract or loan will apply to it. The effective date of coverage may be the date grantor's prior coverage lapsed or the date grantor failed to provide proof of coverage. The coverage beneficiary purchases may be considerably more expensive than insurance grantor might otherwise obtain alone and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.

IN WITNESS WHEREOF, the grantor has executed this instrument the day and year first written above.

STATE OF OREGON, County of Clackamas

This instrument was acknowledged before me on February 25, 2011

by James J. Holman & Candice E. Holman

This instrument was acknowledged before me on _____

by _____

Notary Public for Oregon

My commission expires 09/13/13

OFFICIAL SEAL
VICKI Y ADAMSON
NOTARY PUBLIC - OREGON
COMMISSION NO. 442204
MY COMMISSION EXPIRES SEPTEMBER 13, 2013

REQUEST FOR FULL RECONVEYANCE (To be used only when obligations have been paid.)

TO: _____ Trustee

DATED: _____

Do not lose or destroy this Trust Deed OR THE NOTE which it secures. Both should be delivered to the trustee for cancellation before reconveyance is made.

_____ Beneficiary

2

# EXHIBIT 3

Received 08/08/2011 04:46PM in 01:56 on line [10] for POST_ISSUE * Pg 1/2

Aug 08 11 02:01p    Summit Financial Advisors    503-245-4606    p.1

Form No. 10—LIFE INSURANCE ASSIGNMENT

# ASSIGNMENT OF LIFE INSURANCE POLICY AS COLLATERAL

A. For Value Received the undersigned hereby assign, transfer and set over to *Dwight F. Daniels* *Laurie J. Daniels* of (address) *28 Cabral Bay Dr, Corona Del Mar, CA 92625* its successors and assigns, (herein called the "Assignee") Policy No. *148003890* issued by

☒ AXA Equitable Life Insurance Company    ☐ MONY Life Insurance Company of America
☐ AXA Equitable Life and Annuity Company

(herein called the "Insurer") and any supplementary contracts issued in connection therewith (said policy and contracts being herein called the "Policy"), upon the life of *James F. Holman*

of *Integrity Personnel Group* and all claims, options, privileges, rights, title and interest therein and thereunder (except as provided in Paragraph C hereof), subject to all the terms and conditions of the Policy and to all superior liens, if any, which the Insurer may have against the Policy. The undersigned by this instrument jointly and severally agree and the assignee by the acceptance of this assignment agrees to the conditions and provisions herein set forth.

B. It is expressly agreed that, without detracting from the generality of the foregoing, the following specific rights are included in this assignment and pass by virtue hereof:
1. The sole right to collect from the Insurer the net proceeds of the Policy when it becomes a claim by death or maturity;
2. The sole right to surrender the Policy and receive the surrender value thereof at any time provided by the terms of the Policy and at such other times as the Insurer may allow;
3. The sole right to obtain one or more loans or advances on the Policy, either from the Insurer or, at any time, from other persons, and to pledge or assign the Policy as security for such loans or advances;
4. The sole right to collect and receive all distributions or shares of surplus, dividend deposits or additions to the Policy now or hereafter made or apportioned thereto, and to exercise any and all options contained in the Policy with respect thereto; provided, that unless and until the Assignee shall notify the Insurer in writing to the contrary, the distributions or shares of surplus, dividend deposits and additions shall continue on the plan in force at the time of this assignment; and
5. The sole right to exercise all nonforfeiture rights permitted by the terms of the Policy or allowed by the Insurer and to receive all benefits and advantages derived therefrom.

C. It is expressly agreed that the following specific rights, so long as the Policy has not been surrendered, are reserved and excluded from this assignment and do not pass by virtue hereof:
1. The right to collect from the Insurer any disability benefit payable in cash that does not reduce the amount of insurance;
2. The right to designate and change the beneficiary;
3. The right to elect any optional mode of settlement permitted by the Policy or allowed by the Insurer; but the reservation of these rights shall in no way impair the right of the Assignee to surrender the Policy completely with all its incidents or impair any other right of the Assignee hereunder, and any designation or change of beneficiary or election of a mode of settlement shall be made subject to this assignment and to the rights of the Assignee hereunder.

D. This assignment is made and the Policy is to be held as collateral security for any and all liabilities of the undersigned, or any of them, to the Assignee, either now existing or that may hereafter arise in the ordinary course of business between any of the undersigned and the Assignee (all of which liabilities secured or to become secured are herein called "Liabilities").

E. The Assignee covenants and agrees with the undersigned as follows:
1. That any balance of sums received hereunder from the Insurer remaining after payment of the then existing Liabilities, matured or unmatured, shall be paid by the Assignee to the persons entitled thereto under the terms of the Policy had this assignment not been executed;
2. That the Assignee will not exercise either the right to surrender the Policy or (except for the purpose of paying premiums) the right to obtain policy loans from the Insurer, until there has been default in any of the Liabilities or a failure to pay any premium when due, nor until twenty days after the Assignee shall have mailed, by first-class mail, to the undersigned at the addresses last supplied in writing to the Assignee specifically referring to this assignment, notice of intention to exercise such right; and
3. That the Assignee will upon request forward without unreasonable delay to the Insurer the Policy for endorsement of any designation or change of beneficiary or any election of an optional mode of settlement.

F. The Insurer is hereby authorized to recognize the Assignee's claims to rights hereunder without investigating the reason for any action taken by the Assignee, or the validity or the amount of the Liabilities or the existence of any default therein, or the giving of any notice under Paragraph E (2) above or otherwise, or the application to be made by the Assignee of any amounts to be paid to the Assignee. The sole signature of the Assignee shall be sufficient for the exercise of any rights under the Policy assigned hereby and the sole receipt of the Assignee for any sums received shall be a full discharge and release therefor to the Insurer. Checks for all or any part of the sums payable under the Policy and assigned herein, shall be drawn to the exclusive order of the Assignee if, when, and in such amounts as may be, requested by the Assignee.

G. The Assignee shall be under no obligation to pay any premium, or the principal of or interest on any loans or advances on the Policy whether or not obtained by the Assignee, or any other charges on the Policy, but any such amounts so paid by the Assignee from its own funds, shall become a part of the Liabilities hereby secured, shall be due immediately, and shall draw interest at a rate fixed by the Assignee from time to time not exceeding 6% per annum.

H. The exercise of any right, option, privilege or power given herein to the Assignee shall be at the option of the Assignee, but (except as restricted by Paragraph E (2) above) the Assignee may exercise any such right, option, privilege or power without notice to, or assent by, or affecting the liability of, or releasing any interest hereby assigned by the undersigned, or any of them.

I. The Assignee may take or release other security, may release any party primarily or secondarily liable for any of the Liabilities, may grant extensions, renewals or indulgences with respect to the Liabilities, or may apply to the Liabilities in such order as the Assignee shall determine, the proceeds of the Policy hereby assigned or any amount received on account of the Policy by the exercise of any right reserved under this assignment, without resorting or regard to other security.

J. In the event of any conflict between the provisions of this assignment and provisions of the note or other evidence of any Liability, with respect to the Policy or rights of collateral security therein, the provisions of this assignment shall prevail.

K. Each of the undersigned declares that no proceedings in bankruptcy are pending against him and that his property is not subject to any assignment for the benefit of creditors.

Signed and sealed this ___8___ day of ___August___ 20_11_.

_____    _CA Ivan Sec._ (L.S.)
Witness    Owner [Full Name]

_3601 Sw Multnomah Blvd_    _12434 SE Copper Rd._
Street No.    City    State    Zip Code    Street No.    City    State    Zip Code
_Portland, OR    97219_    _E. Mackamal, OR    94015_
Witness

_____    _____
Street No.    City    State    Zip Code    Street No.    City    State    Zip Code
153-00921 A    Cat. #125107E (9/08)

## Individual Acknowledgment

STATE OF _____

COUNTY OF _____ } ss.:

On the _____ day of _____ 20 _____ , before me personally came

_____ , to me known to be the individual _____ described in and who

executed the assignment on the reverse side hereof and acknowledged to me that _____ he _____ executed the same.

_____

*Notary Public*

My commission expires _____

## CORPORATE ACKNOWLEDGMENT

STATE OF _Oregon_

COUNTY OF _Multnomah_ } ss.:

On the _8_ day of _August_ 20 _11_ , before me personally came _____

_Candice Evangelista_ , who being by me duly sworn, did depose and say that he resides in _Oregon_

that he is the _Secretary_ of _Integrity Trust_ the corporation described in and which executed the assignment on the reverse side hereof; that he knows the seal of said corporation: that the seal affixed to said assignment is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

_Gwendolyn Ann Abernathy_

*Notary Public*

My commission expires _11/14/2011_

OFFICIAL SEAL
GWENDOLYN ANN ABERNATHY
NOTARY PUBLIC-OREGON
COMMISSION NO. 421164
MY COMMISSION EXPIRES NOVEMBER 14, 2011

NOTE: When executed by a corporation, the corporate seal should be affixed and there should be attached a certified copy of a resolution of the Board of Directors authorizing the signing officer to execute and deliver the assignment in the name and on behalf of the corporation.

AXA EQUITABLE LIFE INSURANCE COMPANY HAS
RECORDED AND FILED THIS DOCUMENT, DATED AT
CHARLOTTE
_8/9/2011_

_Cynthia Reese_

# EXHIBIT 4

State of Oregon
Initial Filing 1 Page(s)

**8730073**
02/25/11 01:23 PM
OR Sec. of State

6040003011

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
Todd Mitchell

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

┌                                                    ┐
Todd Mitchell
Bullivant Houser Bailey PC
805 Broadway Street, Suite 400
Vancouver, WA 98660
└                                                    ┘

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME – Insert only one debtor name (1a or 1b) – do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Pacific Courier Services, LLC | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 12434 SE Capps Rd. | Clackamas | OR | 97015 | |

| 1d. | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | Oregon | 019746-90 ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – Insert only one debtor name (2a or 2b) – do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| Daniels | Dwight | E. | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 23 Carmel Bay Drive | Corona Del Mar | CA | 92625 | |

4. This FINANCING STATEMENT covers the following collateral:

Inventory, Equipment, accounts receivables, deposit accounts, intangibles, general intangibles

5. ALTERNATIVE DESIGNATION (if applicable) ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]    7. Check to REQUEST SEARCH REPORT(S)

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 5/10)

02/25/2011 FRI 11:52  [TX/RX NO 8591] @001

**State of Oregon**
**Corporation Division - UCC**
Public Service Building - 255 Capitol Street NE, Suite 151
Salem, OR 97310-1327
(503) 986-2200 Facsimile (503) 373-1166

MAR 03 2011


SCANNED
21910-4

## ACKNOWLEDGMENT NOTICE

BULLIVANT HOUSER BAILEY PC
ATTN TODD MITCHELL
805 BROADWAY ST STE 400
VANCOUVER, WA 98660

**File Number:** 8730073
**File Date:** 02/25/2011
**Exp. Date:** 02/25/2016
**Entered By:** thejoh
**Doc Type:** UCC
       New Filing

Your document was filed showing the file number and date listed above.

If you have any questions regarding this notice, contact the Secretary of State, Corporation Division. Please refer to the file number listed above.

Note: You can access our records or filing forms through the Internet at the address:

http://www.ucc.sos.state.or.us

**Secured party of record name(s) and address(es)**

Individual:    DANIELS, DWIGHT E.
            23 CARMEL BAY DRIVE
            CORONA DEL MAR, CA 92625

**Debtor name(s) and address(es)**

Organization:    PACIFIC COURIER SERVICES, LLC
               12434 SE CAPPS RD.
               CLACKAMAS, OR 97015

EXHIBIT 5

# PERSONAL FINANCIAL STATEMENT

COLUMBIA
COMMUNITY BANK

| | | |
|---|---|---|
| Applicant Name | James/Candice Holman | Home Phone  503/829-3100 |
| Street Address | 26280 S Milk Creek Circle | Business Phone  503/553-0030 |
| City, State, Zip | Mulino, OR 97042 | Date of Birth  May 20, 1968 |

Applicant is applying for this loan.
[x] Individually, without a co-signer or guaranty of a relative or other person (s) or entity
[x] Jointly, with the co-signature or guaranty of one or more persons or entities (including existing guarantors)
(if jointly, name other person or entity)

Applicant is: married / separated / unmarried (single, divorced and widowed)     Married
Co-Applicant is: married / separated / unmarried (single, divorced and widowed)

Financial Condition as of (Date):  February 1, 2011

| ASSETS | | | | LIABILITIES | | |
|---|---|---|---|---|---|---|
| Cash | Section 1 | $ 20,000 | | Notes Payable | Section 8 | $ 196,000 |
| Stocks & Bonds | Section 2 | $ | | Taxes Owed | Section 3 | $ |
| Closely Held Business | Section 2a | $ 5,000,000 | | Insurance Loan | Section 4 | $ |
| Tax | Section 3 | $ | | Accounts Payable | Section 9 | $ |
| Insurance cash value | Section 4 | $ 12,500 | | Real Estate Payable | Section 6 | $ 670,000 |
| Notes Receivable | Section 5 | $ | | Other Liabilities | Section 10 | $ |
| Real Estate | Section 6 | $ 1,175,000 | | TOTAL LIABILITIES | | $ 866,000 |
| Other Assets | Section 7 | $ 607,000 | | NET WORTH | | $ 5,948,500 |
| TOTAL ASSETS | | $ 6,814,500 | | | | |

## INCOME AND EXPENSES

Alimony, child support or separate maintenance payment income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation.

| | | | | | | Contigent Liabilities | |
|---|---|---|---|---|---|---|---|
| Year | 2010 | | Year | 2010 | | | |
| Salary or Wages | $ 225,000 | | Property Tax & Assessment | $ 8,000 | | Endorser on Notes/Contracts | $ - |
| Dividends or Interest | $ - | | Fed & State Income Tax | $ 25,000 | | Legal Claims & Judgements | $ - |
| Rentals (Gross Income) | $ - | | Real Estate Loan Payments | $ 48,000 | | Provision For Taxes | $ |
| Business (Net Income) | $ 500,000 | | Payments on Contract/Notes | $ 18,000 | | Other Special Debt (Describe) | $ |
| Other Income (Describe) | | | Estimated Living Expenses | $ 100,000 | | | |
| | | | Other | | | | |
| TOTAL INCOME | $ 725,000 | | TOTAL EXPENSES | $ 199,000 | | TOTAL | $ - |

| Section 1 | | CASH | | |
|---|---|---|---|---|
| Account Type | Bank | Balance | Pledged for a loan? | |
| Checking | Wells Fargo | $ 20,000 | No | |
| | Total | $ 20,000 | | |

| Section 2 | | STOCKS AND BONDS | | | | |
|---|---|---|---|---|---|---|
| Description | No. Shares | Registered in Name of | Price per share | Purchased on Margin/Pledged | Total Value | |
| | | | | | $ | - |
| | | | | | $ | - |
| | | | | | $ | - |
| | | | | | $ | - |
| | | | | | $ | - |

## Section 2a — INTERESTS IN CLOSELY HELD BUSINESS

| Description | Value of Business | Registered in Name of | Source and Date of Valuation | Total Value | |
|---|---|---|---|---|---|
| PCS | 5,000,000 | James Holman | | $ 1.00 | $ 5,000,000 |
| | | | | $ 1.00 | $ - |
| | | | | | $ 5,000,000 |

## Section 3 — TAXES

| | Amount of Tax Refund Due | Amount of Tax Owed |
|---|---|---|
| | $ | - |

## Section 4 — LIFE INSURANCE

| Insured | Primary Beneficiary | Face Amount | Actual Cash Value | Loans on Policy | Name of Company | Location of Office |
|---|---|---|---|---|---|---|
| James Holman | Holman Family Trust | $ 10,000,000 | $ - | $ - | West Coast Life | PDX, OR |
| James Holman | Holman Family Trust | $ 50,000 | $ 12,500 | $ - | NW Mutual | PDX, OR |
| | | | | $ - | | |
| | Total | $ 10,050,000 | $ 12,500 | $ - | | |

## Section 5 — ACCOUNTS AND NOTES RECEIVABLE

| Owners | Due From | Address | Collateral | Maturity Date | How Payable $ per month | Balance Due |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | $ - | $ - |

## Section 6 — REAL ESTATE OWNED

| | Property A | Property B | Property C | Property D |
|---|---|---|---|---|
| Type of Property | Primary Residence | Beach House | | |
| Address | Mulino, OR | Gleneden Beach, OR | | |
| Owner | James & Candice Holman | James & Candice Holman | | |
| Date Purchased | 8/1/2003 | 6/1/2004 | | |
| Original Cost | $ 400,000 | $ 240,000 | | |
| Present Market Value | $ 776,000 | $ 400,000 | | |
| Mortgage Holder | Countrywide | Citibank | | |
| Annual Taxes | $ 5,000 | $ 2,500 | | |
| Monthly Income | $ - | $ - | | |
| Monthly Payments | $ 1,980.00 | $ 1,100.00 | | |
| Mortgage Balance | $ 450,000 | $ 220,000 | | |

*670k Total Refinanced* (handwritten)

## Section 7 — OTHER ASSETS AND PERSONAL PROPERTY

| Automobiles Year/Make | Value | RV / Boats Year/Make | Value | Personal Prop | Value | Totals | |
|---|---|---|---|---|---|---|---|
| 2008 Chevy | $ 45,000 | 2005 SeaSport | $ 110,000 | Furniture | $ 35,000 | Autos | $ 110,000 |
| 2010 Range | $ 65,000 | 2007 Sleds (4) | $ 45,000 | Jewelry | $ 90,000 | R/V's | $ 158,000 |
| | | 2005 ATV | $ 3,000 | Equipment | $ 170,000 | Per. Prop | $ 339,000 |
| | | | | Others | $ 44,000 | | |
| Subtotal Autos | $ 110,000 | Subtotal R/V's | $ 158,000 | Subtotal per prop | $ 339,000 | Total-oth assets | $ 607,000 |

## Section 8 — NOTES AND LOANS PAYABLE (EXCLUDED REAL ESTATE)

| Payable To | Address | Collateral | Person(s) Liable | Maturity Date | How Payable $ per month | Balance Due |
|---|---|---|---|---|---|---|
| CEFCU | Milwaukie, OR | Suburban | James & Candice Holman | 3/3/13 | $ 840 | $ 39,000 |
| CEFCU | Milwaukie, OR | Rover | James & Candice Holman | 6/15/15 | $ 1,000 | $ 65,000 |
| National City Bank | Cleveland, OH | Boat | James & Candice Holman | 9/1/24 | $ 667 | $ 92,000 |
| | | | | | Totals $ | 196,000 |

## Section 9 — ACCOUNTS AND BILLS PAYABLE (Including Bank Cards)

| | Payable to | Account Number | Person(s) Liable | How Payable $ per month | Balance Due |
|---|---|---|---|---|---|
| Bankcharge Cards | Paid off monthly | | | | $ - |
| Bankcharge Cards | | | | | $ - |
| Open & Revolving Accts | | | | | $ - |
| Open & Revolving Accts | | | | | $ - |
| Other | | | | | $ - |
| | | | | Total | $ - |

## Section 10 — OTHER LIABILITIES

| Payable To | Person(s) Liable | Collateral | How Payable per Month | Balance Due |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

## APPLICANT INFORMATION

| Social Security Number | Employer | Salary | Occupation | No of Years |
|---|---|---|---|---|
| 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 | PCS | $ 225,000 | CEO | 10 |

Alimony, child support or separate maintenance payment income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation

Alimony - Do you have alimony payments?( yes/no) _____ No

Have you established a trust? (yes/no) _____ Yes

Have you made a will? (yes/no) _____ Yes        Have you guaranteed or endorsed the notes of any other person ? (yes/ no) _____ No

Have any actions or suits been filed against you or are there any unsatisfied judgements or decrees entered against you, or have you ever been adjudged bankrupt or made any assigments for creditors? (yes/no) _____ No _____ If answered "Yes", please explain:

Explanation:

## CO-APPLICANT INFORMATION

| Social Security Number | Employer | Salary | Occupation | No of Years |
|---|---|---|---|---|
| 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 | Homemaker | $ | Homemmaker | |

Alimony, child support or separate maintenance payment income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation

Alimony - Do you have alimony payments?( yes/no) _____ No

Have you established a trust? (yes/no) _____ Yes

Have you made a will? (yes/no) _____ Yes        Have you guaranteed or endorsed the notes of any other person ? (yes/ no) _____ No

Have any actions or suits been filed against you or are there any unsatisfied judgements or decrees entered against you, or have you ever been adjudged bankrupt or made any assigments for creditors? (yes/no) _____ No _____ If answered "Yes", please explain:

Explanation:

## SIGNATURES

I authorize lender to make inquiries as necessary to verify the accuracy of the statements made and to determine my creditworthiness. I certify the above and the statements contained in the attachments are true and accurate as of the stated date (s). I understand that Columbia CommunityBank is relying on this statement of my financial condition in making loan (s) to me. Columbia Community Bank may disclose to any other interested party Lender's experience with this account. I agree to inform the Lender immediately of any matter which will cause any significant change in my financial condition. I understand that Lender will retain this financial statement whether or not credit is granted.

| Applicant's Signature | Date | Co-Applicant's Signature | Date |
|---|---|---|---|
| | | | |

# EXHIBIT 6

State of Oregon
Termination 1 Page(s)

8730073-1
08/18/11 03:40 PM
OR Sec. of State

9041493711

**UCC FINANCING STATEMENT /**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

**unisearch**
325 13th ST NE STE 501, Salem, OR 97301-2294
Ref: 1175

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 8730073 filed February 25, 2011 | |

2. [✓] **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. [ ] **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. [ ] **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects [ ] Debtor or [ ] Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
[ ] CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.
[ ] DELETE name: Give record name to be deleted in item 6a or 6b.
[ ] ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any [ ] NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral [ ] deleted or [ ] added, or give entire [ ] restated collateral description, or describe collateral. [ ] assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [ ] and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

| OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | Daniels | Dwight | E. | |

10. OPTIONAL FILER REFERENCE DATA
105551-0000 OR SOS

404 FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 3/10)