January 5, 2015

Michael D. & Lorraine D. Robertson
15709 N Sycamore St
Mead, WA 99021

Judge Randall L. Dunn
U.S. Bankruptcy Court
District of Oregon
101 SW 5th Ave #700
Portland, OR 97204

Dear Judge Dunn:

Enclosed is a bankruptcy notice, Case 14-35381-rld7, which we have consistently received at our home every two months or so since moving to Washington in August 2010. In every instance, we have annotated the unopened envelope stating that Christian Kriegel does not live at this address, that we have no knowledge of his whereabouts, and have asked that the letter be returned to sender:

> Stephen T. Boyke, Esq.
> 806 SW Broadway #1200
> Portland, OR 97205.

Today, my wife spoke with Batina at the Bankruptcy Court who requested that my wife open the letter to obtain the case data. After doing so and relating the letter contents, Batina provided my wife with a contact phone number for Mr. Boyke's office. In the event that Mr. Boyke wasn't able or willing to resolve the issue, Batina further instructed my wife to forward the court order, a letter of explanation and a request for assistance from your court.

In very short order after contacting Mr. Boyke's office, he stated that he didn't know what to do to stop the frequent notices, and then abruptly hung up. We expected more from an officer of the court.

Thus, we are contacting you for assistance. We don't want to intercept these notices and discard them as it provides a false image that the notice was received by the addressee. We also don't want to endlessly return the notices to Mr. Boyke as it more than doubles the cost of mailing with every return. I am sure that Mr. Boyke's office has a mailing list of creditors for this case that can be properly annotated, and our address removed.

We are grateful for any assistance you can provide.

*[signature]*  
Michael D. Robertson

*[signature]*  
Lorraine D. Robertson

Below is an order of the Court.

*U.S. Bankruptcy Judge*

DN7 (12/6/07)

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

In re
**James Joel Holman,** xxx–xx–6613
**Candice Evangeline Holman,** xxx–xx–2131
*Other names used by debtor:* Krav Maga Northwest, LLC dba 360 Krav Maga, Pacific Cargo Services, LLC, The Fitness Academy, LLC dba Elite Martial Arts Academy, Pacific Courier Services, LLC, Yahweh–Jireh, LLC, (See docket for additional names.)
Debtor(s)

Case No. **14–35381–rld7**

CHAPTER 7 ORDER RE:
DISCHARGE OF DEBTOR(S)

It appearing that on 9/23/14 a bankruptcy petition was filed by the debtor(s); timely complaints filed pursuant to 11 USC §523(a) could be pending and the court could still order that any affected debt is nondischargeable, however no complaint objecting to the debtor's discharge pursuant to 11 USC §727 was timely filed (or such complaint was filed, and after due notice and hearing, was not sustained); each timely filed written reaffirmation agreement was either rescinded or not approved by the court; and therefore,

**IT IS ORDERED** the debtor(s) shall be granted a discharge under §727 of Title 11, United States Code (the Bankruptcy Code).

**EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE**

This court order grants a discharge to the person(s) named as a debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

<u>Collection of Discharged Debts Prohibited.</u> The discharge prohibits any attempt to collect from a debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. (If applicable there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.) A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

Page 1 of 2          **IMPORTANT: Debtors MUST READ BOTH SIDES of this document!**

44

Debts that are Discharged. The Chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to Chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

Debts that are Not Discharged. Some of the common types of debts which are not discharged in a Chapter 7 bankruptcy case are:
    a. Debts for most taxes;
    b. Debts incurred to pay nondischargeable taxes;
    c. Debts that are for domestic support obligations, or debts to a spouse or former spouse for property settlement;
    d. Debts for most student loans;
    e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
    f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
    g. Some debts which were not properly listed by the debtor;
    h. Debts the bankruptcy court specifically has decided or will decide in this case are not discharged;
    i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
    j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Page 2 of 2        **IMPORTANT: Debtors MUST READ BOTH SIDES of this document!**

###

44

FRI-50105 0979-3 DN7 14-35381
STEPHEN T BOYKE
806 SW Broadway #1200     503-227-0417
Portland, OR 97205

**OFFICIAL BUSINESS**

UNITED STATES BANKRUPTCY COURT
PENALTY FOR PRIVATE USE $300
**CONTAINS NOTICE of a PROCEEDING
in the
UNITED STATES BANKRUPTCY COURT**

PRESORTED
FIRST-CLASS MAIL
POSTAGE & FEES PAID
UNITED STATES COURTS
PERMIT NO. G-18

FIRST-CLASS MAIL



CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

JAN - 9 2015

LODGED _____ REC'D _____
PAID _____ DOCKETED _____

025481 25481 1 AB 0.403 99021 6 4 7696-0-25481
Kriegel, Christian
15709 N SYCAMORE
MEAD, WA 99021-8316

LCDR Michael D. Robertson, USN (Ret)
USS Reeves Association
15709 N Sycamore St
Mead, WA 99021

Judge Randall L. Dunn
U.S. Bankruptcy Court
District of Oregon
101 SW 5th Ave #700
Portland, OR 97204