IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>JAMES & CANDICE HOLMAN<br><br>        Debtor(s). | **Case No: 14-35381-rld7**<br><br>Adversary Proc. No: |
| KENNETH S. EILER, TRUSTEE<br><br>        Plaintiff,<br>vs.<br><br>DWIGHT & LAURIE DANIELS,<br>PACCAR FINANCIAL CORP,<br>THE COMMERCE BANK OF OREGON<br><br>        Defendant(s). | **COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIEN** |

Plaintiff alleges

1.

This is a core proceeding brought pursuant 28 USC 157, 11 USC 506(a) and FRBP 7001(2) and (9). Venue is proper under 28 USC 1409(a).

2.

Plaintiff is the duly appointed and acting Chapter 7 Trustee. Defendants Dwight and Laurie Daniels are residents of the State of California and at all times relevant herein were doing business in Oregon. Defendants Paccar Financial Corp and The Commerce Bank of Oregon were at all times relevant herein doing business in Oregon.

3.

The Debtors filed a Chapter 7 bankruptcy petition on September 23, 2014. That petition

Page -1- - COMPLAINT TO DETERMINE VALIDITY OF LIEN

disclosed that the Debtors were purchasing their residence located at 26280 S. Milk Creek Circle, Mulino, OR 97042 and that they were also purchasing a second residence located at 240 Lancer St. Gleneden Beach, OR 97388. This Court authorized the Trustee to sell both parcels of real property free and clear of all liens and to hold the net proceeds therefrom until further order of the court. (Dkt. #78). The Trustee subsequently sold both parcels as provided in the sale notice and is currently holding net sale proceeds in the sum of $10,000.

4.

Defendants Dwight and Laurie Daniels assert a lien on the sale proceeds pursuant to a a third trust deed recorded on the sale property. Defendants Paccar Financial Corp and The Commerce Bank of Oregon assert a lien on the sale proceeds pursuant to separate judgments obtained against the debtors within 90 days of their bankruptcy filing.

5.

The proceeds held by the Trustee were carved out of the sale proceeds otherwise payable to Cutting Edge Credit Union as holder of the second trust deed on the sale properties. As a consequence, none of the sale proceeds held by the Trustee would otherwise be payable to Defendants Dwight and Laurie Daniels. In addition, Dwight and Laurie Daniels conceded that they were not entitled to any of the sale proceeds at the hearing held on the Trustee's Motion to sell the sale properties free and clear of liens.

6.

The judgment liens obtained by Defendants Paccar Financial Corp and The Commerce Bank of Oregon were obtained within 90 days preceding the bankruptcy filing and so are void pursuant 11 USC 547.

WHEREFORE Plaintiff prays for an Order declaring that none of the above named Defendants have an interest or claim to the sale proceeds currently held by the Trustee/Plaintiff.

    /s/ Kenneth S. Eiler
Kenneth S. Eiler OSB79035
Attorney for the Trustee

Kenneth S. Eiler  OSB79035
Kenneth S. Eiler PC
Attorney at Law
PMB 810
515 NW Saltzman Rd.
Portland, Or 97229
503-292-6020
503-297-9402 (fax)
kenneth.eiler7@gmail.com